## DALEY v. EVANS CASE CO.

### No. 6128.

District Court, D. Massachusetts.
June 10, 1940.

George K. Woodworth, of Boston, Mass., and Fricke & De Busk, of Chicago, Ill., for plaintiff.

Nutter, McClennen & Fish, Edward F. McClennen, Edward Williamson, and Harold E. Cole, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

This action, triable by jury, was referred to a master whose functions are similar to those of an auditor under the State practice.. When the master's report had been filed, both parties filed objections thereto of the type permissible under the Federal Rules of Civil Procedure in actions to be tried without a jury. The plaintiff now moves that all the objections (or exceptions) be stricken from the files and returned to the parties filing them. Rule 53 (e) of the Rules of Civil Procedure, 28 U. S.C.A. following section 723c, provides in part as follows:

"(1) Contents and Filing. The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing.

"(2) In Non-Jury Actions. In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6 (d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

"(3) In Jury Actions. In an action to be tried by a jury the master shall not be directed to report the evidence. His findings upon the issues submitted to him are admissible as evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report."

Thus it appears that provision for filing objections to a master's report is made only in actions to be tried without a jury. In jury actions, the master's report is evidence and objections thereto may be made at the trial. Save for an exception

not here pertinent, where by agreement of the parties the auditor's findings of fact are final, written objections to an auditor's report are, I think, not used in the State courts. At any rate, I find no justification in the Federal Rules of Civil Procedure for the filing of written objections and the adoption of the practice as to a hearing thereon which such objections would entail in cases to be tried by a jury. Nor do I see any warrant in the Rules for the defendant's motion to sustain its objections to the master's report or for a similar motion by the plaintiff for the sustaining of his objections or for the defendant's exceptions to and motion to strike from the master's report, all mentioned in the instant motion to strike.

The motion that the papers described therein be stricken from the files and returned to the respective parties filing them is granted.